Index No.  13 Civ. 6740 (VEC) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL ALROY,

Plaintiff,

- against -

THE CITY OF NEW YORK LAW DEPARTMENT, *et al.*,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MUNICIPAL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Municipal Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  Omar H. Tuffaha*
*Tel:  (212) 356-0896*
*Matter No. 2014-003276*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT

      POINT I

            THIS COURT LACKS SUBJECT MATTER
            JURISDICTION OVER PLAINTIFF'S CLAIMS
            PURSUANT TO THE <u>ROOKER-FELDMAN</u> DOCTRINE .................................7

      POINT II

            PLAINTIFF'S CLAIMS ARE PRECLUDED UNDER
            THE DOCTRINES OF RES JUDICATA AND
            COLLATERAL ESTOPPEL ...................................................................10

            A.     Plaintiff's Claims are Barred by Res Judicata ...........................10

            B.     Plaintiff's Claims are Precluded by Collateral
                   Estoppel.......................................................................................12

      POINT III

            PLAINTIFF FAILS TO STATE A CLAIM FOR ANY OF
            THE CAUSES OF ACTION HE ASSERTS.......................................13

      POINT IV

            PLAINTIFF FAILS TO ALLEGE THE PERSONAL
            INVOLVEMENT OF MICHAEL D. CARDOZO IN ANY
            ALLEGED VIOLATION .....................................................................15

      POINT V

            THE NEW YORK CITY LAW DEPARTMENT IS NOT
            A SUABLE ENTITY............................................................................16

CONCLUSION................................................................................................................. 16

# TABLE OF AUTHORITIES

<u>**CASES**</u>                                                                                              <u>**PAGES**</u>

Abbas v. Dixon,
    489 F.3d 636 (2d Cir. 2007)..................................................................... 5

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).......................................................................... 5, 13

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)...................................................................... 5, 6, 13

Bishop v. Henry Modell & Co.,
    No. 08 Civ. 7541, 2009 U.S. Dist. LEXIS 104830 (S.D.N.Y. Nov. 9, 2009)... ................. 13, 14

Blockbuster, Inc. v. Galeno,
    472 F.3d 53 (2d Cir. 2006)...................................................................... 4

Carrasquillo v. N.Y.C.,
    324 F. Supp. 2d 428 (S.D.N.Y. 2004)........................................................... 15

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)..................................................................... 6

Cleveland v. Caplaw Enters.,
    448 F.3d 518 (2d Cir. 2006).................................................................... 6

Conley v. Gibson,
    335 U.S. 41 (1957)............................................................................ 5

Denton v. Hernandez,
    504 U.S. 25 (1992)........................................................................... 14

Dublin v. N.Y.C Law Dep't.,
    No. 10 Civ. 2971, 2012 U.S. Dist. LEXIS 141823 (S.D.N.Y. Sept. 26, 2012).. ...................... 16

Exxon Mobil Corp. v. Saudi Basic Indus Corp.,
    544 U.S. 280 (2005)........................................................................... 7

Ferrari v. Cnty. of Suffolk,
    790 F. Supp. 2d 34 (E.D.N.Y. 2011) ........................................................... 6

First Nationwide Bank v. Gelt Funding Corp.,
    27 F.3d 763 (2d Cir. 1994),................................................................... 6

FW/PBS, Inc. v. City of Dallas,
   493 U.S. 215 (1990).................................................................................................. 4

Gallop v. Cheney,
   642 F.3d 364 (2d Cir. 2011)................................................................................... 14

Green v. Mattingly,
   585 F.3d 97 (2d Cir. 2009)....................................................................................... 8

Harris v. Mills,
   572 F.3d 66 (2d Cir. 2009)..................................................................................... 14

Hayden v. Patterson,
   594 F.3d 150 (2d Cir. 1994)..................................................................................... 6

Hernandez v. Coughlin,
   18 F.3d 133 (2d Cir. 1994)....................................................................................... 5

Hoblock v. Albany Cnty. Bd. of Elections,
   422 F.3d 77 (2d Cir. 2005)............................................................................ 7, 9, 12

Leonard F. v. Israel Discount Bank of N.Y.,
   199 F.3d 99 (2d Cir. 1999)....................................................................................... 6

Locicero v. O'Connell,
   419 F. Supp. 2d 521 (S.D.N.Y. 2006)..................................................................... 5

Luckett v. Bure,
   290 F.3d 493 (2d Cir. 2002)..................................................................................... 4

Mac-Truong v. Tompkins,
   No. 00 Civ. 3490, 2000 U.S. Dist. LEXIS 22933 (S.D.N.Y. May 30, 2000)............ 9

Makarova v. United States,
   201 F.3d 110 (2d Cir. 2000)..................................................................................... 4

McAllan v. Malatzky,
   No. 97 Civ. 8291, 1998 U.S. Dist. LEXIS 591 (S.D.N.Y. Jan. 21, 1998)................ 9

McKithen v. Brown,
   626 F.3d 143 (2d. Cir 2010)..................................................................................... 7

Merrill Lynch, Pierce, Fenner & Smith v. Young,
   No. 91 Civ. 2923, 1994 U.S. Dist. LEXIS 2929 (S.D.N.Y Mar. 15, 1994)............ 14

Monahan v. N.Y.C. Dep't of Corrs.,
   214 F.3d 275 (2d Cir. 2000)............................................................................ 10, 11

Norton v. Larney,
  266 U.S. 511 (1925).................................................................................... 4

Phelps v. Kapnolas,
  308 F.3d 180 (2d Cir. 2002)........................................................................ 5

Phillips v. N.Y.C.,
  453 F. Supp. 2d 690 (S.D.N.Y. 2006).......................................................... 7

Pike v. Freeman,
  266 F.3d 78 (2d Cir. 2001)........................................................................ 11

Rodriguez v. Wepin,
  116 F.3d 62 (2d Cir. 1997)........................................................................ 5

Rooker v. Fidelity Trust Co.,
  263 U.S. 413 (1923).................................................................................... 7

Saidin v. N.Y.C. Dep't of Educ.,
  498 F. Supp. 2d 683 (S.D.N.Y. 2007).......................................................... 5

Shipping Fin. Servs. Corp. v. Drakos,
  140 F.3d 129 (2d Cir. 1998)........................................................................ 4

Simon v. N.Y.C.,
  No. 12-cv-1596, 2012 U.S. Dist. LEXIS 151515 (E.D.N.Y. Oct. 11, 2012)........................... 15

Spinale v. USDA,
  621 F. Supp. 2d 112 (S.D.N.Y. 2009).......................................................... 5

Teletronics Proprietary, Ltd. v. Medtronics, Inc.,
  687 F. Supp. 832 (S.D.N.Y. 1988), aff'd 356 F. App'x 465 (2d Cir. 2009)................................ 5

 Thompson v. Cnty. of Franklin,
  15 F.3d 245 (2d Cir. 1994)........................................................................ 4

Waldman v. Village of Kiryas Joel,
  207 F.3d 105 (2d Cir. 2000)........................................................................ 11

Webster v. Wells Fargo Bank,
  No. 08 Civ. 10145, 2009 U.S. Dist. LEXIS 120952 (S.D.N.Y. Dec. 23, 2009)................... 9, 10

White v. Vance,
  No. 10 Civ. 6142, 2011 U.S. Dist. LEXIS 67799 (S.D.N.Y. June 21, 2011)...................... 16

Wilder v. Thomas,
  854 F.2d 605 (2d Cir. 1988)........................................................................ 12

Zuneska v. Cuomo,
    No. 12-cv-0949, 2013 U.S. Dist. LEXIS 14920 (E.D.N.Y. Feb. 1, 2013). ............................... 8

## **STATUTES**

28 U.S.C. § 1441 ........................................................................................................... 3

42 U.S.C. § 1446 ........................................................................................................... 3

42 U.S.C. § 1983 ......................................................................................................... 15

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 2, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 2, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DANIEL ALROY,

                                                    Plaintiff,

                    -against-
                                                                          13 Civ. 6740 (VEC) (FM)
THE CITY OF NEW YORK LAW DEPARTMENT, et al.,

                                                    Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF MUNICIPAL DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

        In 2007, plaintiff pro se commenced an action for property damage in New York State

Supreme Court arising out of the alleged destruction of a sculpture that he owned.  In that state

court action, plaintiff sued, inter alia, the City of New York ("City") and the New York City

Department of Parks and Recreation ("Parks Department"), alleging their involvement in the

destruction of his sculpture. During his state court litigation, plaintiff further alleged that the

New York City Law Department ("Law Department"), through Assistant Corporation Counsel

("ACC") William A. Grey, acted improperly to deceive the court, cover up truth and facts, and

manipulate the administration of the action. On June 18, 2012, the state court issued an Order

granting summary judgment for the City and the Parks Department and dismissing all of

plaintiffs claims as against them.[1]   In the Order, the court specifically addressed and rejected

plaintiff's claims of misconduct by ACC Grey.  Apparently dissatisfied with the state court's

_____

[1] A true and correct copy of this publicly-available Order is attached to the Declaration of Assistant Corporation Counsel Omar H. Tuffaha ("Tuffaha Decl."), dated May 16, 2014, as "Exhibit A."

ruling, plaintiff now impermissibly seeks to re-litigate these issues in the instant federal court action.

Defendants Michael A. Cardozo, ACC Grey, and the Law Department (collectively, "Municipal Defendants") now move pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6) on the grounds that: (1) the court lacks subject matter jurisdiction to hear plaintiff's claims pursuant to the <u>Rooker-Feldman</u> doctrine; (2) plaintiff's claims are precluded under the doctrines of <u>Res Judicata</u> and Collateral Estoppel; (3) plaintiff fails to state a plausible claim for any of his causes of action; (4) plaintiff fails to allege the personal involvement of Michael A. Cardozo in any alleged violation; and (5) the Law Department is not a suable entity.  For the foregoing reasons, plaintiff's Amended Complaint should be dismissed in its entirety.

## **STATEMENT OF FACTS**

In 2007, plaintiff commenced an action in the New York State Supreme Court for New York County related to the alleged destruction of a sculpture that he owned. (Amended Complaint at ¶ ¶ (A), (D)(1), (D)(12).)  In that state court action, plaintiff named as defendants the City, the Parks Department, AvalonBay Communities, Inc., ("AvalonBay"), Tony Casale, Inc., and Antonio Casale. (June 18, 2012 Order, Tuffaha Decl. Ex. A, at 1.)  The City and the Parks Department, represented by Assistant Corporation Counsel William A. Grey, moved for summary judgment on the grounds that neither the City nor the Parks Department played any role whatsoever in the alleged destruction of plaintiff's statue. (Id.)  By Order dated June 18, 2012, Justice Arthur F. Engoron granted this motion and entered judgment "in favor of the City severing and dismissing [the] action and all cross-claims as against the City, and transferring the matter to a non-City part for continuation of all remaining claims."

In his Order, Justice Engoron specifically addressed plaintiff's claims of misconduct by ACC Grey. Justice Engoron rightly dismissed plaintiff's allegations as an "unfounded theory" not supported by any evidence, stating:

> [T]he Plaintiff has raised a litany of unsubstantiated allegations of collusion between the City and AvalonBay. In his final reply papers, Plaintiff also launches into an unfounded theory that the City's attorney formerly handling this matter acted improperly to deceive the Court and the various parties, supposedly covering up truth, facts, and manipulated the administration of this action.

(June 18, 2012 Order, Tuffaha Decl. Ex. A, at 2.) Plaintiff elected not to appeal Justice Engoron's decision. Though all of plaintiff's claims again the City and Parks Department were dismissed, the case remains ongoing as against the other defendants.[2]

Plaintiff now brings this federal action alleging that the above-referenced Summary Judgment motion granted by Justice Engoron was "an utterly inapplicable motion," and that the Law Department "wrested control of the Court's administration of the case, and then secretly from [plaintiff], had that fraudulent motion wrongfully granted by another judge." (Amended Complaint at ¶ (A).) Plaintiff asserts that during the course of the state court proceedings, ACC Grey suppressed discovery, induced perjury, conspired with non-municipal defendants to obstruct justice, corrupted the administration of the case, and co-opted plaintiff's former attorney to switch sides and act on the City's behalf. (Id. at ¶ (D)(13).) However he does not allege a single non-conclusory fact to support any of these extreme and outrageous claims.

---

[2] The remaining defendants currently have a motion to dismiss pending in the state court action. (see Notice of Cross-Motion and Affidavit in Support, attached to the Declaration of Kevin J. Harrington, dated May 16, 2014 ("Harrington Decl.") as "Exhibit H," ECF Dkt. No. 33-8.) Plaintiff has since filed a motion to remove the state court action to federal court, though 28 U.S.C. §§ 1441 and 1446 authorize removal only by defendants and notice of removal must be filed within 30 days (whereas plaintiff commenced his state law action seven years ago) (see Plaintiff's Notice of Cross-motion and Affidavit in Support, attached to the Harrington Decl as "Exhibit I," ECF Dkt. No. 33-9.")

In his Amended Complaint, plaintiff purports to assert causes of action for (1) abuse of process, (2) denial of his constitutional rights to due process and fair and equal access to the courts, (3) conspiracy, (4) tortuous interference with contract, and (5) property damage. (Id. at ¶ (G))  Plaintiff further alleges that "the defendants manipulated the judicial system on the State level in a way that violated [his] constitutional right to a fair and impartial trial…[and] [t]he resultant actual and consequential damages amount to millions of dollars." (Id. at ¶ (G).)  Again, however, he does not allege any non-conclusory facts to support these claims.

## STANDARD OF REVIEW

### FED. R. CIV. P. 12(B)(1)

A case "is properly dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Luckett v. Bure, 290 F.3d 493, 496-497 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  In resolving jurisdictional questions pursuant to Rule 12(b)(1), a court may look to evidence outside the complaint to determine whether it has jurisdiction, and the party asserting jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. See Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).  Subject matter jurisdiction "'cannot be inferred argumentatively from averments in the pleadings…but rather must affirmatively appear in the record.'" Thompson v. Cnty. of Franklin, 15 F.3d 245, 248 (2d Cir. 1994) (quoting FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230-231 (1990)); see also Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 134 (2d Cir. 1998) ("'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it'") (quoting Norton v. Larney, 266 U.S. 511, 515 (1925)). This follows from both Article III's minimum requirements, as well as prudential limits on the federal district court's jurisdiction. Thompson, 15 F.3d at 248.

## FED. R. CIV. P. 12(B)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002) (citing Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994)). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At a minimum, then, the pleading must set forth sufficient information for the court to determine whether the allegations support some recognized legal theory. Spinale v. USDA, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) (citing Teletronics Proprietary, Ltd. v. Medtronic, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988), aff'd, 356 F. App'x 465 (2d Cir. 2009)). Further, while pro se pleadings are to be construed liberally and read to raise the strongest arguments that they suggest, see, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), this does not relieve pro se plaintiffs of the requirement to plead enough facts to "nudg[e] their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, or to otherwise comply with the pleading standards prescribed by the Federal Rules of Civil Procedure. Saidin v. N.Y.C. Dep't of Educ., 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); see also Locicero v. O'Connell, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (pro se litigants must allege facts sufficient to indicate that they were deprived of a constitutional right). Thus, dismissal of a pro se complaint is appropriate where the plaintiff fails to allege facts supporting his claim to relief. Rodriguez v. Wepin, 116 F.3d 62, 65 (2d Cir. 1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Finally, a court may not take as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted); see also Hayden v. Paterson, 594 F.3d 150, 161-62 (2d Cir. 2010) (pleadings that are no more than mere conclusions are not entitled to the assumption of truth) (internal citations omitted). Rather, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted).

In deciding a 12(b) motion to dismiss, a court may review the factual allegations contained in the pleadings, documents attached to the pleadings or incorporated by reference, documents plaintiff either possessed or knew of and relied on in drafting the complaint, and matters of public record of which judicial notice can be taken. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). This includes the orders of other courts and of papers filed in other lawsuits. See, e.g., Ferrari v. Cnty. of Suffolk, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) (in deciding motion to dismiss, court may "take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case sub judice.").

**ARGUMENT**

**POINT I**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO THE ROOKER-FELDMAN DOCTRINE**

The Rooker-Feldman doctrine deprives federal courts of jurisdiction over lawsuits "that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The doctrine derives from the mandate that under statutes governing the federal judiciary, district courts are 'empowered to exercise original, not appellate, jurisdiction.'" Phillips v. N.Y.C., 453 F. Supp. 2d 690, 713 (S.D.N.Y. 2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus Corp., 544 U.S. 280, 283 (2005)).

In Exxon Mobil, the Supreme Court limited what it regarded as the profligate use of the doctrine, specifying that the doctrine should appropriately be "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. Following that decision, in 2010 the Second Circuit adopted a four-part test for the application of the doctrine, featuring two substantive requirements and two procedural requirements:

> Rooker-Feldman directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

McKithen v. Brown, 626 F.3d 143, 155 (2d. Cir 2010).

- 7 -

The present action falls squarely within this test.  First, Plaintiff lost in state court when Justice Engoron issued the June 18, 2012 Order dismissing all claims against the City and the Parks Department. (See June 18, 2012 Order, Tuffaha Decl. Exhibit A).[3]  As noted above, this Order not only held that the City and the Parks Department bore no liability for the destruction of plaintiff's sculpture, but also specifically addressed and rejected plaintiff's claims of wrongdoing on the part of the Law Department and ACC Grey.

Plaintiff additionally meets the second and third prongs of the Rooker-Feldman test, as he is complaining about injuries stemming from that judgment and his Amended Complaint necessarily calls for the court to review and reject that judgment.  This action is focused on the state court proceedings, and the Amended Complaint demonstrates that plaintiff clearly views this federal action as a continuation of his state law litigation.  At the very outset of his Amended Complaint, plaintiff states that "the instant case" is "about a criminal act by an agent of the City of New York…who caused the destruction of a sculpture that I own." (Amended Complaint, at (A).)  Indeed, plaintiff attaches to his Amended Complaint (1) a "time-line to the demolition of the Sculpture"; (2) a document purporting to show that the Garden in which his sculpture was allegedly destroyed was under the jurisdiction of the Park's Department; and (3) pictures purporting to show the demolition of his sculpture. (see attachments to Amended Complaint).

Justice Engoron addressed both plaintiff's claims regarding the City's culpability in the destruction of his sculpture and also his allegations of wrongdoing during litigation on the part of

_____

[3] Even assuming, arguendo, that this Order is not considered a final judgment, which it clearly is with respect to the City and the Parks Department, "[t]he Rooker-Feldman doctrine applies not only to final orders but also to interlocutory decisions." Zuneska v. Cuomo, No. 12-cv-0949, 2013 U.S. Dist. LEXIS 14920, at *10 (E.D.N.Y. Feb. 1, 2013) (citing Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (noting that the "doctrine applie[s] both to final state court judgments and to interlocutory state court orders").

the Law Department and ACC Gray.  Plaintiff is necessarily seeking to have this Court overturn those findings.  Plaintiff's recourse however clearly lies with a state appellate court.

That plaintiff cloaks his challenge to the state court Order in constitutional and state law causes of action is of no moment. The Second Circuit has made it clear that plaintiffs are not permitted to re-construe a state court appeal as a federal cause of action by trying to fit under a new federal legal theory. Hoblock, 422 F.3d at 87 ("[A] federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court."); see also Mac-Truong v. Tompkins, No. 00 Civ. 3490, 2000 U.S. Dist. LEXIS 22933, at **3-4 (S.D.N.Y. May 30, 2000) (A review of the second Complaint makes clear that, despite their inclusion of constitutional challenges, plaintiffs still seek to overturn the state court judgment.); McAllan v. Malatzky, No. 97 Civ. 8291, 1998 U.S. Dist. LEXIS 591, at **8-9 (S.D.N.Y. Jan. 21, 1998) ("plaintiff's federal claims are inextricably intertwined with the New York state judgments because the constitutional injuries he alleges -- denial of equal protection and due process -- derive from the state judgments themselves.").

The Court's decision in Webster v. Wells Fargo Bank is particularly illustrative. No. 08 Civ. 10145, 2009 U.S. Dist. LEXIS 120952 (S.D.N.Y. Dec. 23, 2009).  In Webster, a plaintiff brought a federal action "allege[ing] a litany of purportedly harmful acts" committed by attorneys in an underlying state court mortgage foreclosure proceeding. Id. at *20. The alleged "harmful acts" included, inter alia, illegally backdating filings, submitting false affidavits, knowingly mischaracterizing documents, and filing illegal and fraudulent motions. Id. at **20-21.  Plaintiff there alleged that as a result of these actions, he was denied due process in his state court litigation. Id. at *21.  The Court dismissed the plaintiff's claims against the attorneys under the Rooker-Feldman doctrine, holding that "[a]ll of these alleged acts took place in the course of

the foreclosure action in state court, and all of these alleged acts constitute purported defects within that litigation." <u>Id.</u> at **22-23.  Likewise, here, though plaintiff states an assortment of constitutional and state law causes of action, the alleged actions of the Municipal Defendants that he complains of "constitute purported defects within" his state court litigation.

Finally, the fourth prong of the <u>Rooker-Feldman</u> test is met as the state court judgment was rendered on June 18, 2012, well before the present matter was initiated on September 24, 2013. (<u>compare</u> June 18, 2012 Order, Tuffaha Decl. Ex A <u>with</u> plaintiff's Complaint, ECF Dkt. No. 1.)  Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claims, and his claims should be dismissed.

<u>**ARGUMENT**</u>

**POINT II**

**PLAINTIFF'S CLAIMS ARE PRECLUDED UNDER THE DOCTRINES OF RES <u>JUDICATA AND COLLATERAL ESTOPPEL</u>**

As noted above, the New York State Supreme Court granted summary judgment in favor of the City and the Parks Department and entered judgment dismissing plaintiff's action as against them in its entirety.  Plaintiff never appealed that decision in state appellate court. Accordingly, as discussed below, the claims raised by plaintiff in the instant action which seek a second bite at the apple in federal court are barred by the doctrines of <u>res</u> <u>judicata</u> and collateral estoppel and should be dismissed.

**A.    Plaintiff's Claims are Barred by <u>Res</u> <u>Judicata</u>**

The doctrine of <u>res</u> <u>judicata</u>, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." <u>Monahan v. N.Y.C. Dep't of Corrs.</u>, 214 F.3d 275, 285 (2d Cir. 2000).  A plaintiff's claims are barred by <u>res</u> <u>judicata</u> when "1) the previous action

- 10 -

involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Id.   In deciding whether a suit is barred by res judicata, "it must first be determined that the second suit involves the same 'claim' - or 'nucleus of operative fact' - as the first suit." Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000).  Important factors in determining preclusive effect are whether or not "the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Monahan, 214 F.3d at 285. Additionally, a court must determine "whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001).

In this case, plaintiff's claims clearly stem from the same "nucleus of operative fact" as his prior actions.  This action, like his previous state court action, arises from the alleged destruction of plaintiff's sculpture and involves the subsequent litigation initiated by plaintiff. As noted above, plaintiff  devotes much of the Amended Complaint to restating his property damage case. (see generally Amended Complaint.)   The State Court examined plaintiff's allegations and determined that he did not have a claim against the City or the Parks Department. The Court further examined plaintiff's allegations that ACC Grey and the Law Department engaged in misconduct during litigation and determined that these allegations were entirely unfounded.

Moreover, the instant complaint meets the three-part test articulated by the Second Circuit for claim preclusion. See Monahan, 214 F.3d at 285.  First, the resolution of the action brought previously by plaintiff in the New York State Supreme Court constituted an adjudication

on the merits as it was resolved by a grant of summary judgment in favor of the City and the Parks Department.  Second, the state court action involved the same plaintiff.  Third, plaintiff could have raised, and did raise, the claims alleged in the instant complaint in his previous actions.  In sum, it is patently evident that plaintiff is seeking to re-litigate claim that were already dismissed by the New York State Supreme Court. The doctrine of <u>res</u> <u>judicata</u> precludes him from doing so.

### B.  Plaintiff's Claims are Barred by Collateral Estoppel

"Collateral estoppel, or issue preclusion, is the branch of <u>res</u> <u>judicata</u> doctrine that prevents a party from re-litigating an issue of fact or law that has been decided in an earlier suit." <u>Wilder v. Thomas</u>, 854 F.2d 605, 616 (2d Cir. 1988).  The doctrine applies if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." <u>Hoblock</u>, 422 F.3d at 94.

Here, collateral estoppel bars plaintiff's claims. As set forth above, both the issue of the City's culpability in the destruction of plaintiff's sculpture and plaintiff's allegations of misconduct by ACC Grey and the Law Department were already decided in Justice Engoron's June 18, 2012 Order.  Plaintiff had a full and fair opportunity to litigate those claims and indeed has been litigating them since 2007.  Thus, plaintiff's attempt to raise these claims again in the instant federal court action must be rejected.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR ANY OF THE CAUSES OF ACTION HE ASSERTS

As described in detail above, plaintiff's claims against the Municipal Defendants are barred by the Rooker-Feldman Doctrine, as well as by the doctrines of res judicata and collateral estoppel. However, even assuming, arguendo, that plaintiff's claims are properly before the Court, which they are not, these claims all still fail. Plaintiff's claims are wholly conclusory and devoid of any factual detail. As such, they are insufficiently pled and should accordingly be dismissed.

Plaintiff asserts that the Law Department, through the conduct off ACC Grey: (1) suppressed discovery, (2) induced perjury, (3) conspired with the non-municipal defendants to obstruct justice, (4) corrupted the administration of the state court case, and (5) "co-opted [plaintiff's] former attorney to switch sides and act on the City's behalf." (Amended Complaint at ¶ (C)(13).) Additionally, plaintiff asserts a litany of Constitutional and state law causes of action in his Amended Complaint including: (1) Abuse of process, (2) denial of constitutional due process and fair and equal access to the courts, (3) conspiracy, (4) tortuous interference with contract, and (5) property damage. However, plaintiff's Amended Complaint is rife with conclusory, vague and unsupported allegations.

Where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570. Courts are "obliged to disregard conclusory allegations masquerading as factual claims, for they are 'not entitled to the assumption of truth.'" Bishop v. Henry Modell & Co., No. 08 Civ. 7541, 2009 U.S. Dist. LEXIS 104830, at *9 (S.D.N.Y. Nov. 9, 2009) (quoting Iqbal, 556 U.S. at 678). Furthermore,

- 13 -

"[T]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Here, plaintiff sets forth no specific allegations to support his litany of extreme, conclusory charges against the Municipal Defendants. He fails to even set forth any facts to meet the elements of the causes of actions he asserts, instead merely listing a series of causes of action at the end of his Amended Complaint. Indeed, plaintiff fails to even distinguish which claims are pled against Municipal Defendants and which are pled against non-municipal defendants. This alone subjects his Complaint to dismissal. See Merrill Lynch, Pierce, Fenner & Smith v. Young, No. 91 Civ. 2923, 1994 U.S. Dist. LEXIS 2929, at *62 (S.D.N.Y Mar. 15, 1994) (holding that the complaint's "impermissible failure to distinguish between the [four defendants] mandates dismissal under both Rule 9(b) and Rule 8(a).")

In sum, the Amended Complaint amounts to nothing more than a series of purely speculative allegations of extreme conduct, wholly unsupported by specific factual allegations. For instance, plaintiff alleges that the Law Department "wrested control of the Court's administration of the case, and then secretly from me, had [the] fraudulent [summary judgment] motion granted by another judge unrelated [a]nd unrelated with this case" and that ACC Grey somehow "co-opted" the attorney who initially represented plaintiff in state court. (Amended Complaint at (A), (E)(2).) These are clearly the types of "conclusory allegations masquerading as factual claims" that are "not entitled to the assumption of truth." Bishop, 2009 U.S. Dist. LEXIS 104830, at *9; see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous'" where facts pled "are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional'") (quoting Denton v. Hernandez, 504 U.S. 25, 32 (1992)). Accordingly, plaintiff's wholly insufficient claims must be dismissed.

- 14 -

**POINT IV**

**PLAINTIFF FAILS TO ALLEGE THE PERSONAL INVOLVEMENT OF MICHAEL A. CARDOZO IN ANY ALLEGED VIOLATION**

Plaintiff names Michael A. Cardozo, the former Corporation Counsel for the City of New York, as a defendant in the caption of his Amended Complaint.  However, plaintiff fails to make any reference to Mr. Cardozo anywhere in the body of the Amended Complaint.  Accordingly, any claims against Defendant Cardozo must be dismissed. See Simon v. N.Y.C., No. 12-cv-1596, 2012 U.S. Dist. LEXIS 151515, at **6-8 (E.D.N.Y. Oct. 11, 2012) (dismissing plaintiff's § 1983 claims against Mr. Cardozo where the plaintiff failed to make any allegation that Mr. Cardozo was involved in the deprivation of his rights and it was "clear that Cardozo was named only to the extent that he was Corporation Counsel").  Furthermore, to the extent, plaintiff names Mr. Cardozo in his supervisory role, it is well-established that supervisory officials cannot be held liable under § 1983 for the acts of their subordinates solely on a theory of respondeat superior. See id. (dismissing plaintiff's complaint against Mr. Cardozo "since the claim against this supervisor defendant, as presently stated, can be supported only on the basis of respondeat superior or vicarious liability doctrines."); see also Carrasquillo v. N.Y.C., 324 F. Supp. 2d 428, 435  (S.D.N.Y.  2004) (dismissing pro se complaint  against  individual  named defendants not mentioned in body of complaint).

Accordingly, as plaintiff fails to set forth any allegations against Mr. Cardozo, let alone any allegations of his personal involvement in any alleged violation, plaintiff's claims as against Mr. Cardozo must be dismissed.

## POINT V

### THE LAW DEPARTMENT IS NOT A SUABLE ENTITY

It is well-established that as a City agency,  the New York City Law Department is not a suable entity. See e.g., Dublin v. N.Y.C Law Dep't, No. 10 Civ. 2971, 2012 U.S. Dist. LEXIS 141823, at **6-7 (S.D.N.Y. Sept. 26, 2012); White v. Vance, No. 10 Civ. 6142, 2011 U.S. Dist. LEXIS 67799, at *14 (S.D.N.Y. June 21, 2011).  Accordingly, plaintiff's claims against the Law Department must be dismissed.

### CONCLUSION

Based on the foregoing, the Municipal Defendants respectfully request that their motion to dismiss be granted, that the Amended Complaint be dismissed, and for such other and further relief as the Court deems just and proper.


Dated: New York, New York
       May 16, 2014

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Municipal Defendants
100 Church Street, Room 2-301
New York, NY 10007
Tel: (212) 356-0896
otuffaha@law.nyc.gov


By:      s/
        _____
        Omar H. Tuffaha (OT6218)
        Assistant Corporation Counsel

- 16 -