```
                                                            USDC SDNY
                                                            DOCUMENT
                                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                               DATE FILED: 11/24/2014
-----------------------------------------------------------X
    DANIEL ALROY,                                :
                                                 :
                              Plaintiff,         :
                                                 :          13-CV-6740 (VEC)
                  -against-                      :
                                                 :          ORDER & OPINION
                                                 :
    CITY OF NEW YORK LAW DEPARTMENT,              :
    MICHAEL A. CARDOZO,                          :
    WILLIAM A. GREY,                             :
    AVALONBAY COMMUNITIES, INC.,                 :
    TIMOTHY J. NAUGHTON,                         :
    FREDERICK S. HARRIS,                         :
    MICHAEL W. FREUDENBERG,                      :
    HARRINGTON, OCKO & MONK, LLP,                :
                                                 :
                              Defendants.        :
-----------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

This action arises out of the destruction of a sculpture owned by *pro se* Plaintiff Daniel Alroy that had been displayed in a community park, and his disappointment with the course of the ensuing state court litigation. Defendants have moved to dismiss the complaint.

I.   **PROCEDURAL BACKGROUND**

On October 1, 2007, Plaintiff commenced an action (the "City Action") against the City of New York Parks and Recreation Department (the "Parks Department" or "City Defendant") in the Supreme Court of the State of New York, County of New York, alleging that the Parks Department was responsible for the destruction of his sculpture and that the destruction was an illegal taking without just compensation in violation of his Fifth and Fourteenth Amendment rights. Harrington Decl. Ex. B.[1] On September 29, 2009, Plaintiff brought a second action (the

---

[1] Plaintiff was represented by counsel when he filed his State Court actions. Defendant William Grey was the Assistant Corporation Counsel who represented the City Defendant on behalf of Defendant City of New York

"Avalon Action") against AvalonBay Communities, Inc. ("AvalonBay"), Tony Casale, Inc., and Antonio Casale. Harrington Decl. Ex. C.[2] The two actions were consolidated for all purposes in 2010 (collectively, the "State Action"), Avalon Mem. at 2, and the State Court granted summary judgment in favor of the City Defendants on June 21, 2012, *see* Harrington Decl. Ex. F. The Avalon Action is still pending in State Court. City Mem. at 3 n.2.

Plaintiff commenced this action on September 24, 2013, and filed an Amended Complaint on January 29, 2014. Dkt. 1, 7. Principally, Plaintiff alleges that the Defendants' conduct of the State Court proceeding constituted an abuse of process and a "denial of his constitutional right to due process and fair and equal access to the Courts." Compl. at 12.[3] Defendants have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[4]

For the following reasons, Defendants' motions are GRANTED and Plaintiff's Complaint is DISMISSED.

---

Law Department. At that time, Defendant Michael Cardozo was the Corporation Counsel of the City of New York. City Mem. at 2, 15.

[2] Defendant Michael Freudenberg was an associate attorney with Defendant Harrington, Ocko & Monk, LLP. Freudenberg represented the defendants in the Avalon Action. Avalon Mem. at 2.

[3] Plaintiff also brings claims for tortious interference with contract, conspiracy, and damage to property. In his memorandum of law opposing Defendants' motions to dismiss, however, he claims that this action is based solely on the Defendants' conduct *after* his sculpture was destroyed. Pl. Mem. at 1. Because Plaintiff has thus abandoned his claims for destruction of property, the Court does not construe his claim as one for the unlawful taking of property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

[4] All Defendants move to dismiss for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and under Rule 12(b)(6) on the basis of *res judicata*, collateral estoppel, and for failing to state a plausible claim for relief. Defendants AvalonBay Communities, Inc., Timothy J. Naughton, Frederick S. Harris, Michael W. Freudenberg, and Harrington, Ocko & Monk, LLP ("HMO") (collectively, the "Avalon Defendants") also move for dismissal on the basis of *Younger* abstention. Avalon Mem. at 4.

## II.     FACTUAL BACKGROUND[5]

In 1995, Plaintiff agreed to provide a sculpture he had commissioned, allegedly from marble extracted from the same quarry used by Michelangelo, for display in a private community garden known as the Rock & Rose Garden located at the northwest corner of Houston Street and Second Avenue in Manhattan, New York.  Compl. ¶ D1; Compl. Ex. 1.  The agreement provided that Plaintiff would remove the sculpture within 24 hours upon written notice.  Compl. ¶ D3.  Thereafter, the Parks Department assumed jurisdiction of all community gardens, including the Rock & Rose Garden.  Compl. ¶ D5.  In 2005, the Parks Department undertook to integrate the Rock & Rose Garden with an adjacent garden and contracted with AvalonBay to oversee the project.  Compl. ¶ D7.[6]  AvalonBay subcontracted with Tony Casale, Inc. ("Casale") for certain aspects of the project.  Compl. ¶ D7.  On December 4, 2006, workers employed by Casale demolished the sculpture in order to remove it from the garden; Plaintiff had not been given advance notice of the removal or provided an opportunity to remove his sculpture.  Compl. ¶¶ D8, D10.

Plaintiff brought an action against the City in 2007 for damages alleging that Casale acted at the direction of a Parks Department representative when it demolished the sculpture rather than removing it intact.  Compl. ¶ D10, 12.  The City denied liability and asserted that AvalonBay and Casale were liable for the destruction of the sculpture, prompting Plaintiff to commence the Avalon Action.  Compl. ¶ D13.  Plaintiff alleged that AvalonBay initially told the

---

[5] The factual background is taken from the Amended Complaint and judicially-filed documents from the State Court actions.  In evaluating a Rule 12(b)(1) or 12(b)(6) motion to dismiss, the Court accepts as true the factual allegations in the Amended Complaint.  *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (Rule 12(b)(6)); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (Rule 12(b)(1)).

[6] The agreement between AvalonBay and the City included a clause providing that AvalonBay would indemnify the City for any liability.  Avalon Mem. at 5.  Defendant Frederick Harris is a former executive at AvalonBay, and Timothy Naughton is the current Chief Executive Officer of AvalonBay.  Avalon Mem. at 3.

City and his attorney that two AvalonBay witnesses would testify that the City had directed the demolition of the sculpture. Compl. ¶ D14. When the AvalonBay witnesses were deposed, however, they testified that they did not remember the decision having been made by a representative of the City. Compl. ¶¶ D17. Plaintiff alleges that the witnesses "changed" their testimony as a result of improper conduct (not further defined or described) on the part of the City's attorney and collusion between the City and AvalonBay. Compl. ¶¶ D16, D17, D19.

Plaintiff claims these changed circumstances caused his attorney to "throw in the towel" and take actions that were contrary to Plaintiff's interests. Compl. ¶ E3; Pl. Mem. ¶¶ 5.4, 6.4. During the course of the State Action, Plaintiff terminated his attorney and began representing himself. Compl. ¶¶ E5, E7.

One consequence of the changed testimony was that AvalonBay accepted responsibility for demolition of the sculpture, extinguishing any potential liability of the City to Plaintiff in connection with the destruction of the sculpture. Pl. Mem. ¶ 2.8. Over Plaintiff's objection that the City's filings were fraudulent and collusive, the State Court granted the City Defendants' motion for summary judgment and dismissed the City Action. Harrington Decl. Ex. F. In pertinent part, the State Court found that Plaintiff's "allegations of collusion between the City and Avalon[B]ay" were "unsubstantiated" and his "theory that the City's attorney formerly handling [that] matter acted improperly to deceive th[e] Court and the various parties, supposedly cover[ed] up the true facts, and manipulated the administration of th[at] action" was "unfounded." *Id.* at 5.

The crux of Plaintiff's complaint before this Court is that the Defendants' conduct in the State Action caused him legal injury. In his words: "[T]he defendants manipulated the judicial system on the State level in a way that violated [his] constitutional right to a fair and impartial trial." Compl. at 12. Plaintiff further argues that he was used as an "involuntary instrument"

between the City Defendants and Avalon Defendants to determine which party was responsible for compensating him, which burdened him with establishing liability and forced him to incur the costs of litigating an "otherwise unnecessary lawsuit." Pl. Mem. Opp. at 1.

### III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his submissions "liberally" and with "special solicitude" and interprets them to "raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis from *Triestman*).

#### a. *Rooker-Feldman* Bar

Construed liberally, Plaintiff intended to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.[7] His claim that he was deprived of due process in the State Action invokes federal law. The remaining causes of action – abuse of process, conspiracy, and tortious interference with contract – are all state law claims. Because Plaintiff alleges those torts were committed by a state agency[8] and by government officials acting in their official capacity, the claims could be construed as arising either under 28 U.S.C. § 1983, giving rise to federal question jurisdiction, or as state law tort claims, which would require the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367 if it first finds federal question jurisdiction over his due process claim.[9] *See* Compl. at 12.

---

[7] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The parties are not diverse, therefore 28 U.S.C. § 1332 could not apply.

[8] Although the Law Department is not a suable entity, for purposes of this Opinion the Court construes the Complaint as being against the City of New York, which would be the proper defendant.

[9] 28 U.S.C. §1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Defendants argue that the Court lacks subject matter jurisdiction over the due process claim by virtue of the *Rooker-Feldman* doctrine and that the Amended Complaint fails to state a claim for relief under Section 1983; therefore, the entire action should be dismissed for lack of subject matter jurisdiction.  City Mem. at 7-10; Avalon Mem. at 10-13.  "In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts 'must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.'"  *Waltman v. U.S. S.E.C.*, No. 14-CV-1574 (VEC), 2014 WL 4357477 (S.D.N.Y. Sept. 2, 2014) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

The Court may look to evidence outside the pleadings (including the records of the State Court proceeding) in resolving the question of subject matter jurisdiction; the Plaintiff has the burden of proof by a preponderance of the evidence that jurisdiction exists.  *Id.* at 496-97.

### b. Plaintiff's Due Process Claim

Defendants argue that Plaintiff's claim that he was deprived of due process and access to the state court is barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine recognizes that Congress did "not authorize district courts to exercise appellate jurisdiction over state-court judgments" when it defined the district courts' original subject matter jurisdiction in 28 U.S.C. § 1331.  *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)).  "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions."  *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).  Thus, when faced with a claim that is in effect an appeal of a final state court judgment, a district court should dismiss for lack of subject matter jurisdiction.

*See id.* The Supreme Court has admonished, however, that the *Rooker-Feldman* doctrine does not alter federal courts' concurrent subject matter jurisdiction over claims that may also be litigated in state court and should not be conflated with the ordinary application of the law of preclusion. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).[10]

Subsequent to *Exxon Mobil*, the Second Circuit explained that four factors must be present in order for *Rooker-Feldman* to apply:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced – *i.e.*, *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (citing *Exxon Mobil*, 544 U.S. at 284) (alterations omitted). The first and fourth requirements are procedural, the second and third are substantive. *Id.*

Turning first to the substantive requirements of *Rooker-Feldman*: a federal suit is "barred by *Rooker-Feldman* only if it complains of injury from the state-court judgment and seeks review and rejection of that judgment, but not if it raises 'some independent claim.'" *Hoblock*, 422 F.3d at 86.[11] Plaintiff argues that he is not attempting to re-litigate the claims adjudicated by the state court because the subject of his federal action is the Defendants' conduct subsequent to the destruction of his statute, whereas the State Action focused on the destruction of property.

---

[10] *Exxon Mobil* "abrogated" much of the Second Circuit's prior case law on the *Rooker-Feldman* doctrine, and cautioned that the doctrine "is meant to occupy 'narrow ground'" and "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Exxon Mobil*, 544 U.S. at 284).

[11] Although the Second Circuit states the rule in the conjunctive ("review *and* rejection" of the state-court judgment), a claim may be barred if it requires review *or* rejection of the state-court judgment. *See Hoblock*, 422 F.3d at 87 (recognizing that a federal suit may be barred by *Rooker-Feldman* even if the federal court is not "reviewing" the substance of the state-court judgment because the state court did not address the specific legal theory); *see also id.* at 88 (finding that the federal suit was barred by *Rooker-Feldman* because the relief the plaintiffs requested required ordering the defendants to take the opposite action ordered by the state court).

Pl. Mem. Opp. at 1.  But a claim is not "independent" merely because it presents a legal theory not raised in state court; as the Supreme Court held in *Feldman*, a federal constitutional claim may be "inextricably intertwined" with a state-court judgment if "the district court is in essence being called upon to review the state-court decision."  *Hoblock*, 422 F.3d at 86 (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n.16 (1983)).  Thus, "the applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims . . . but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court."  *McKithen*, 481 F.3d at 97-98.  The causal requirement *is* satisfied "where, as in *Feldman*, the state court itself is the decision-maker whose action produces the injury."  *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2014).

    *Anctil v. Ally Financial, Inc.*, 998 F. Supp. 2d 127 (S.D.N.Y. 2014), is instructive on the causation requirement.  In that case, the plaintiffs brought an action in federal court alleging that the defendants were "engaged in a massive racketeering scheme . . . in order to illegally foreclose on homes."  *Id.* at 131.  The plaintiffs alleged that when their homes were foreclosed, the entities that foreclosed used false and misleading documents to do so and lacked valid title to the mortgages in question, rendering those foreclosures invalid.  *Id.* at 132.  This Court found that the substantive requirements of *Rooker-Feldman* were met because, although defendants' "allegedly fraudulent *conduct* may have preceded the entry of the foreclosure judgments," plaintiffs "suffered injury only because the various state courts entered judgments of foreclosure."  *Id.* at 134-35.  *See also Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 348-49 (E.D.N.Y. 2010) (plaintiff's claims that the defendants engaged in vexatious litigation in state court were barred because a state court judgment was "one of the

main events in th[e] pattern" of the allegedly vexatious litigation that caused the plaintiff's injury).

Plaintiff complains specifically of an injury caused by a state court judgment. The Complaint alleges that "the defendants manipulated the judicial system on the State level in a way that violated [his] constitutional right to a fair and impartial trial." Compl. at 12. Like the plaintiff in *Anctil*, Plaintiff complains that the State Court judgment was based on fraudulent documents procured by Defendants' wrongful acts. Just as the allegedly fraudulent acts that preceded the state court's judgment in *Anctil* did not render claims arising out of those actions "independent" from the state court action, the fact that Plaintiff alleges Defendants colluded and engaged in wrongful conduct prior to the State Court's decision to dismiss the claims against the City Defendants does not rescue his injury from being "caused by" the State Court judgment. Plaintiff's injury did not exist prior to the time of the state-court proceedings; it occurred when the State Court entered summary judgment in favor of the City Defendants. And, finally, it was the State Court's decision to reject Plaintiff's argument that Defendants' filings were fraudulent and to grant the City Defendants' motion for summary judgment that produced Plaintiff's alleged injury.

Moreover, Plaintiff "invites district court review and rejection" of the State Court judgment. *Hoblock*, 422 F.3d at 85. Plaintiff specifically alleges that he was deprived of due process because, *inter alia*, a New York Supreme Court Justice wrongfully granted a fraudulent motion to dismiss by the City Defendants. Compl. ¶¶ A, E3. In the decision complained of, Justice Engoron found that Plaintiff's theory that the City's attorney "acted improperly to deceive th[e] Court and the various parties, supposedly covered up the true facts, and manipulated the administration of th[at] action" was "unfounded." Herrington Decl. Ex. F. Finding in Plaintiff's favor in this action would necessarily entail reviewing the State Court's

decision on that very point, which this Court is without the power to do.[12] In sum, Plaintiff's due process claim meets the substantive requirements for a *Rooker-Feldman* bar.

The Complaint also meets the two procedural requirements of *Rooker-Feldman*. Plaintiff was the loser in the complained-of State Court judgment,[13] and the State Court judgment dismissing the claims against the City Defendants occurred prior to Plaintiff initiating this lawsuit.[14] *See Hoblock*, 422 F.3d at 89.

In sum, *Rooker-Feldman* bars Plaintiff's constitutional claim that the Defendants' conduct in the State Action deprived him of due process and access to the courts.

### c. Failure To State a Claim Under Section 1983

In analyzing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a *pro se* complaint must be construed liberally and with "special solicitude," *Hill*, 657 F.3d at 122 (quoting *Triestman*, 470 F.3d at 474), it still has to state a plausible claim for relief. Determining whether it does so "requires the reviewing court to draw on its judicial experience and common

---

[12] Although Plaintiff seeks damages for his alleged constitutional injuries and not reversal of the State Court's decision, he "cannot avoid the *Rooker-Feldman* doctrine based on the choice of remedy . . . . *Rooker-Feldman* bars actions for compensatory damages for injuries caused by state court judgments as well as actions seeking explicit reversal of those judgments." *Anctil*, 998 F. Supp. 2d at 136.

[13] Although Plaintiff names additional defendants in the present action, that does not change the outcome. The additional defendants were the legal representatives and officers of the defendants in the State Action and Plaintiff only challenges actions they took in their representative capacities. *See Hoblock*, 422 F.3d at 89-90 (recognizing that federal common law preclusion doctrines apply to the analogous inquiry under *Rooker-Feldman*).

[14] This conclusion is not affected by the fact that the Avalon Action is not final. The Second Circuit recognized that the *Rooker-Feldman* doctrine may apply to bar federal suits challenging interlocutory state judgments. *Hoblock*, 422 F.3d at 89.

10

sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Ashcroft*, 556 U.S. 662). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678).

The Amended Complaint alleges that Defendant Grey conspired with the Avalon Defendants to deprive Plaintiff of "due process and fair and equal access to the Courts" and that the City Defendants' conduct constituted an abuse of civil process. Compl. at 12. This could conceivably be read as asserting a claim under 42 U.S.C. § 1983. "To establish a constitutional violation under § 1983, plaintiffs must demonstrate that (1) defendants were acting under color of state law at the time of the alleged [wrongful conduct]; and (2) the action was a deprivation of a constitutional or federal statutory right." *Id.* It is undisputed that Defendants Cardozo and Grey were acting under color of state law in defending the City in the State Action. Nonetheless, the Complaint fails to state a claim because a government attorney defending a civil suit has absolute immunity from a subsequent Section 1983 suit. *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir.), *cert. denied*, 506 U.S. 819 (1992) (citing *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).[15]

To state a claim against a private entity under Section 1983, the complaint must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Spear*, 954 F.2d at 68). Put differently, the Complaint must plausibly allege that the Avalon Defendants were "willful participant[s] in joint activity with the State or its agents" and that the parties

---

[15] Absolute immunity is a complete bar to damages liability under Section 1983. *See Butz v. Economou*, 438 U.S. 478, 514 (1978). It is properly decided on a motion to dismiss if the undisputed facts establish that the state agent "performed a function for which absolute immunity is required." *Scotto v. Almenas*, 143 F.3d 105, 110-11 (2d Cir 1998); *see also Spear*, 954 F.2d at 66-67 (affirming Rule 12(b)(6) dismissal of a Section 1983 claim against municipal officers because their authorization to initiate a civil suit was an act entitled to absolute immunity).

"share[d] some common goal to violate the plaintiff's rights." *Id.* at 85 (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)).

The Complaint does not plausibly allege that the Avalon Defendants were "willful participants" in the State Action. Plaintiff initiated the civil suit against them seeking compensation for damage to his property. Although the City Defendants and Avalon Defendants were both on the opposite side of the litigation from Plaintiff, the parties did not share a common goal. The Avalon Defendants' interests were adverse to the City Defendants' interests because both parties denied liability for the property damage. Plaintiff's allegation that the City Defendants and Avalon Defendants "conspired" to induce the State Court to grant summary judgment in the City's favor thereby leaving the Avalon Defendants liable to Plaintiff for damages is unsupported by facts and simply not plausible.

Moreover, to survive a motion to dismiss a Section 1983 claim the Complaint must allege deprivation of a right protected by the Constitution or by federal law. Of the causes of action alleged in the Complaint, a Section 1983 claim could be founded upon violations of Plaintiff's Fourteenth Amendment procedural due process rights, *see Ciambriello*, 292 F.3d at 313, substantive due process rights, *see Spear*, 954 F.3d at 68, or a conspiracy between a private entity and public actor to commit unconstitutional acts, if an unconstitutional act is adequately alleged, *id.* It is well settled, however, that Section 1983 liability may not be predicated on a claim of malicious abuse of *civil* process. *Cook v. Sheldon*, 41 F.3d 73, 79-80 (2d Cir. 1994) (citing *Spear*, 954 F.2d at 68).

"In order to establish a procedural due process violation, a plaintiff must prove that he or she was deprived of 'an *opportunity* granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case.'" *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971)) (emphasis from

*Brady*) (internal alterations omitted).[16]  But Plaintiff has not alleged that he was denied the opportunity to be heard.  There is no question that the Plaintiff had a full and fair opportunity to be heard in the State Court proceeding, and he chose not to appeal the adverse decision rendered in that proceeding.  "[T]he availability of such recourse [within the state judicial system], as a matter of law, precludes finding that the defendants' conduct violated plaintiff['s] rights to procedural due process under the [F]ourteenth [A]mendment."  *Id.*  His claim that he was deprived of procedural due process is, therefore, without merit.

"Government conduct may be actionable under [S]ection 1983 as a substantive due process violation if it 'shocks the conscience.'"  *Spear*, 954 F.3d at 68 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).  The City Defendants' conduct in the State Action amounts to no more than standard litigation techniques employed by attorneys in all sorts of matters and falls woefully far short of "shocking the conscience."  The Complaint does not state a plausible claim for a violation of Plaintiff's substantive due process rights.  Without a violation of a right protected by federal law, Plaintiff's conspiracy claim necessarily fails.

As explained above, this Court lacks jurisdiction to review the State Court's decision under the *Rooker-Feldman* doctrine.  Moreover, as a matter of law, the availability of meaningful review within the state court system precludes this court from finding a procedural due process violation under the Fourteenth Amendment.  *Id.*  Plaintiff's conspiracy claim fares no better, even assuming it alleged concerted action.  In order to state a claim for a conspiracy under

---

[16]  Plaintiff must also establish that he was deprived of a liberty or property interest protected by the United States Constitution or federal statutes.  *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995).  "The hallmark of property, the [Supreme] Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'"  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (citation omitted).  Thus, the Due Process Clause "protects civil litigants who seek recourse in the courts . . . as plaintiffs attempting to redress grievances."  *Id.*  The Complaint minimally satisfies this requirement.

13

Section 1983, the Complaint must allege an underlying unconstitutional act. *See Betts*, 751 F.3d at 85. For all the reasons discussed, Plaintiff has failed to do so.

Because Plaintiff has not adequately alleged a violation of a constitutionally- or federally-protected right, the Complaint fails to state a claim for relief under Section 1983.

## IV.     CONCLUSION

Giving a liberal reading to all of Plaintiff's allegations, the Complaint fails to state a claim for relief. Although "the court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," when the problems with the causes of action are substantive and cannot be cured by better pleading, "futile request[s] to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations omitted). Amendment here would be futile.

Because there is no claim sufficient to confer federal subject matter jurisdiction under 28 U.S.C. § 1331, the Court does not have subject matter jurisdiction over Plaintiff's remaining state law claims. The action is therefore DISMISSED with prejudice.

The Clerk of Court is requested to terminate this case, and mail a copy of the Order to the *pro se* Plaintiff.

**SO ORDERED.**

**Date:  November 24, 2014**            _____
**      New York, New York**            **VALERIE CAPRONI**
                                        **United States District Judge**